UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICARDO TABORDA,

v.  Case No. 8: 97-cr-248-T-24EAJ
  8: 05-cv-1491-T-24EAJ

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Ricardo Taborda's successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-169).

## BACKGROUND

Taborda signed his first motion to vacate on July 25, 2000 (Doc. cr-142). The Court considered the merits of the motion and denied the motion to vacate. (Doc. cr-149). Taborda appealed and this Court denied Taborda's application for certificate of appealability. (Doc. cr-155). The United States Court of Appeals for the Eleventh Circuit also denied Taborda's application for certificate of appealability. (Doc. cr-159).

Now, Taborda has filed a second, successive motion to vacate. Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may

authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Defendant has not fulfilled the requirements of the statutes as set out above.

Accordingly, the Court orders:

That Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-169) is denied.

The Clerk is directed to enter judgment against Taborda in the civil case and to CLOSE THAT CASE.

ORDERED at Tampa, Florida, on August 11, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: James C. Preston

Pro se:  Ricardo Taborda